**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| TRI-STATE TRUCK INSURANCE, LTD., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 09-4158-SAC |
| FIRST NATIONAL BANK OF WAMEGO, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

This matter comes before the Court upon the Gibson Family Limited Partnership's Motion to Intervene and Suggestions in Support (ECF No. 77), filed November 8, 2010. Plaintiffs have filed a response in opposition, and the Gibson Family Limited Partnership ("Gibson") has filed a reply. Defendant First National Bank of Wamego ("Defendant" or "FNB Wamego") has not filed a response, and the time to do so has passed. Therefore, the motion is fully briefed.

On December 15, 2010, the Court conducted a hearing on Gibson's pending motion. Gibson appeared at the conference through counsel Robert W. Cotter and Molly Brown Bartalos. Plaintiff appeared through counsel John Weist. Defendant appeared through counsel Anna Krstulic. For the reasons stated below, the Court grants Gibson's motion to intervene.

## I.    Background

This action arises from two commercial loan agreements entered into between Plaintiffs and Aleritas Capital Corporation ("Aleritas").[1] Aleritas funded the subject loans by selling participation interests in the loans to Defendant and a number of other entities, mostly banking institutions

---

[1] Compl. for Declaratory J., ECF No. 1.

("Participating Lenders").[2] In September 2008, Defendant took over the payment servicing of the loans from Aleritas.[3]

In a prior lawsuit filed in Pennsylvania state court, Plaintiffs sued Aleritas and Brooke Capital Advisors, Inc. ("BCA") alleging Aleritas and BCA committed fraud in inducing Plaintiffs to enter into the subject loans ("Pennsylvania action").[4] Plaintiffs obtained a default judgment rescinding the subject loans and were awarded damages in the amount of $1,756,619.18.[5] Plaintiffs then filed the instant suit against Defendant, seeking a declaration and judgment they owe no further obligations to Defendant or any other Participating Lender under the subject loans because the loans have been rescinded.[6] Plaintiffs did not name any other Participating Lender in the lawsuit.

Defendant denies the judgment entered against Aleritas is valid.[7] It asserts service was defective because Plaintiffs served a former agent for service of process, with full knowledge that the former agent was no longer Aleritas' agent for process.[8] Defendant also asserts Plaintiffs improperly failed to join it as the real party in interest in the action.[9]

---

[2] *See id.* ¶ 18; Def. First National Bank of Wamego's Answer and Countercl. to Pls.' Compl. at 16 ¶ 9, ECF No. 3.

[3] Compl. for Declaratory J. ¶ 19 and Ex. F, ECF Nos. 1 and 1-9.

[4] *Id.* ¶ 23 & Ex. H, ECF Nos. 1 & 1-8.

[5] *Id.*

[6] *Id.* ¶ 26.

[7] Def. First National Bank of Wamego's Answer and Countercl. to Pls.' Compl. at 11–12 ¶ 26, ECF No. 3.

[8] *See id.*; Def. First National Bank of Wamego's Opp'n to Mot. to Stay at 3, ECF No. 31.

[9] Def. First National Bank of Wamego's Answer and Countercl. to Pls.' Compl. at 11–12 ¶ 26, ECF No. 3.

Defendant has filed a counterclaim alleging Plaintiffs have defaulted on the loans by not making scheduled payments when due. Defendant also seeks a declaratory judgment that (1) Defendant and the other Participating Lenders are third-party beneficiaries under the loans and may enforce Plaintiffs' obligations; (2) Plaintiffs have no personal claims or defenses preventing Defendant from enforcing the obligations under the loans; (3) Plaintiffs defaulted on the loans; (4) Plaintiffs' obligations under the loans are owed to Defendant and the other Participating Lenders; and (5) all payments due and owing on the loans are due to Defendant.[10]

Gibson is one of the other entities that purchased a participation interest in the loans. Gibson asserts it has a 5.822% interest in the loans and that the approximate balance due to it from Plaintiffs is $411,500.97. In the instant motion, Gibson seeks to intervene in this action as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2).

## II.    Analysis

Fed. R. Civ. P. 24(a)(2) states:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> > **(1)** is given an unconditional right to intervene by a federal statute; or
> >
> > **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Accordingly, a court must allow intervention as a matter of right if: "(1) the application is 'timely;' (2) 'the applicant claims an interest relating to the property or transaction which is the

---

[10] *Id*. at 18.

subject of the action;' (3) the applicant's interest 'may as a practical matter' be 'impair[ed] or impede[d];' and (4) 'the applicant's interest is [not] adequately represented by existing parties.'"[11] Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right.[12] The Tenth Circuit, however, follows a "somewhat liberal line in allowing intervention."[13]

## A.    Interest and Impairment of Interest

As outlined above, Gibson must demonstrate it has an interest in the property at issue and that its interest might be impaired by the litigation.[14] The central concern in deciding whether to grant intervention is the practical effect of the litigation on the applicant for intervention.[15] The interest test is "'a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'"[16] "'If an absentee would be substantially affected in a practical sense by the determination made in the action, [the absentee] should, as a general rule, be entitled to intervene.'"[17] To satisfy the impairment element of the

---

[11] *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).

[12] *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984).

[13] *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009) (internal quotations omitted).

[14] *See Utah Ass'n of Counties*, 255 F.3d at 1253 (the question of impairment is not separate from the question of existence of an interest).

[15] *San Juan County v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007).

[16] *Id*. at 1195 (quoting *Coalition of Ariz./N. M. Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996)).

[17] *Id*. (quoting advisory committee notes).

intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied; this burden is minimal.[18]

Gibson asserts it has a 5.822% interest in the loans and that the approximate balance due from Plaintiffs is $411,500.97. In the instant suit, Plaintiffs seek a declaration and judgment they owe no further obligations to Defendant or any other Participating Lender, including Gibson. As a result, Gibson's interest in the loans could be substantially impaired if Plaintiffs obtain the relief requested.[19] Plaintiffs do not dispute Gibson has satisfied this aspect of the inquiry. Accordingly, the Court concludes Gibson has shown it has an interest in the subject loans that might be impaired by this litigation.

### B.    Adequate Representation of Interest

To intervene as a matter of right, Gibson must show inadequate representation by the existing parties in the litigation. "Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the minimal one of showing that representation may be inadequate."[20]

In its Answer and Counterclaim, Defendant purports to be acting on behalf of the other Participating Lenders. For example, Defendant alleges Plaintiffs breached the subject loans and, as a result, Defendant "for itself and all of the other Participating Lenders, has suffered damages in an

---

[18] *Utah Ass'n of Counties*, 255 F.3d at 1253 (internal quotations omitted).

[19] It is not clear to the undersigned whether Plaintiffs can obtain a declaratory judgment that they owe no further obligations to Participating Lenders who were not named in this action. The parties have not fully briefed this issue, and it will ultimately be determined by the District Judge assigned to this case.

[20] *Id*. at 1254 (internal quotations omitted).

amount in excess of $75,000."[21]  In the Pretrial Order, Defendant contends "Plaintiffs' obligations under the loans are owed to FNB Wamego and the other participating lenders according to their respective participation interests, and *all* payments due and owing on the loans are due to FNB Wamego as servicer."[22]  Although Defendant appears to have been purporting to act on behalf of the other Participating Lenders, this does not necessarily indicate Gibson believes its interest is adequately represented by Defendant or agreed to this arrangement.  Gibson contends Defendant does not have the authority to act on its behalf.[23]

Defendant and Gibson appear to have similar interests in this litigation. For example, in Gibson's proposed pleading, it raises the same affirmative defenses and counterclaims as Defendant raised in its initial pleading.[24]  During the Court's hearing, counsel for Gibson explained that a dispute might exist between Gibson and Defendant in how Defendant performed its duties in servicing the subject loans.  It is not clear this assertion creates a conflict for purposes of this litigation.  To resolve any doubt, however, the Court will err in favor of finding that Gibson has met the minimal burden of showing its interest might not be adequately represented by Defendant.

## C.    Timeliness

The timeliness of a motion to intervene is assessed "in light of all the circumstances,

---

[21] Def.'s Answer and Countercl. to Pls.' Compl. at 18 ¶ 24, ECF No. 3.

[22] Pretrial Order at 9, ECF No. 70 (emphasis added).

[23] It is somewhat odd, however, that Gibson did not raise this issue earlier if it believed its interest was not adequately represented.  In connection with a motion to compel filed in this case, a privilege log was provided to the Court reflecting that Defendant corresponded with the other Participating Lenders, including Gibson, on the status of this litigation since it began.  *See* ECF No. 65-7.

[24] *Compare* ECF No. 77-1 *with* ECF No. 3.

including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances."[25] "'The analysis is contextual; absolute measures of timeliness should be ignored.'"[26] "'The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.'"[27] The prejudice prong of the timeliness inquiry "'measures prejudice caused by the intervenors' delay-not by the intervention itself.'"[28]

When the applicant appears to have been aware of the litigation but has unduly delayed in seeking to intervene, courts are reluctant to allow intervention.[29] Plaintiffs filed their Complaint on December 15, 2009. The Court held a scheduling conference on March 17, 2010 and entered its Scheduling Order that same day. After an extension of the discovery period, discovery closed in September 2010. The Court conducted a final pretrial conference on October 20, 2010. The parties have filed cross-motions for summary judgment, and the deadline for filing any such motions has passed.

Nothing in Gibson's motion suggests it was not advised by Defendant's counsel of these events and deadlines. On the contrary, Gibson appears to have been aware of this litigation from

---

[25] *Utah Ass'n of Counties*, 255 F.3d at 1250 (internal quotations omitted).

[26] *Id*. (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

[27] *Id*.

[28] *Id*. at 1251 (quoting *Ruiz v. Estelle*, 161 F.3d 814, 828 (5th Cir. 1998)).

[29] *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010) (internal quotations omitted); *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984) ("Courts are normally reluctant to grant a motion to intervene at a late stage in the proceedings or after entry of judgment.").

its outset and was provided with periodic status updates.[30]  Gibson has not satisfactorily explained why it did not move to intervene earlier or the reason for its delay.  Gibson's delay in moving to intervene weighs against a finding of timeliness.

Other factors, however, weigh in favor of finding Gibson's motion is timely.  For example, it does not appear that the existing parties would be prejudiced by Gibson's intervention.  Although discovery has closed, Gibson represented to the Court that it would accept whatever discovery had been completed and would not conduct any additional discovery.  Plaintiffs also indicated they would not need to conduct any additional discovery.

Allowing Gibson to intervene would result in Plaintiffs and Gibson filing summary judgment motions after the deadline has expired.  Plaintiffs, however, indicated they would simply re-incorporate the briefing from their pending summary judgment motion against Defendant.  Gibson similarly indicated it would incorporate the briefing from Defendant's pending summary judgment motion.  Thus, any delay caused by the filing of additional summary judgment motions would be minimal.  Accordingly, none of the existing parties appear to be prejudiced by allowing Gibson to intervene.

On the contrary, Gibson could be prejudiced if its motion to intervene were denied.  As discussed above, Plaintiffs are seeking a declaration they owe no further obligations to Defendant and any other Participating Lender, including Gibson.  Although it is unclear to the undersigned whether Gibson would be bound when it was not named in this action, the potential exists for Gibson to be prejudiced if it were not allowed to defend itself in this litigation.  After weighing the relevant factors, the Court concludes Gibson's motion is timely under the circumstances of this case.

---

[30] *See* ECF No. 65-7 (privilege log showing Defendant's counsel provided Gibson with draft pleadings and litigation status updates).

As a result, Gibson has demonstrated it is entitled to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2).

Accordingly,

**IT IS THEREFORE ORDERED** that Gibson's Motion to Intervene and Suggestions in Support (ECF No. 77) is hereby granted.

**IT IS FURTHER ORDERED** that Gibson shall file its proposed pleading (ECF No. 77-1) as a separate document in this case by December 21, 2010. Any response by Plaintiffs shall be filed by December 23, 2010.

**IT IS FURTHER ORDERED** that any dispositive motions shall be filed by December 29, 2010. Any responses shall be filed by January 3, 2011.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2010, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge