# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRI-STATE TRUCK INSURANCE, LTD., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 09-4158-SAC ) |
| FIRST NATIONAL BANK OF WAMEGO, | ) ) ) |
| Defendant. | ) ) |

## ORDER

This matter comes before the Court upon Plaintiffs' Motion to Compel (ECF No. 65), filed October 6, 2010. In a prior Order, the Court held that Defendant's disclosure of materials purportedly protected by the attorney-client privilege and/or work product doctrine to a third party, Quivira Capital, did not result in waiver.[1] Based upon the privilege log submitted by Defendant, the Court, however, was unable to determine whether the documents at issue were in fact privileged or protected as work product. As a result, the Court ordered Defendant to produce the documents for *in camera* inspection. The Court has now completed its *in camera* inspection of the withheld documents. For the reasons stated below, Plaintiffs' Motion to Compel (ECF No. 65) is granted in part and denied in part.

As identified on Defendant's privilege log, the documents in question were transmitted to individuals at Quivira Capital as well as representatives of the other participating lenders. In their motion to compel, Plaintiffs did not argue that disclosure to the other participating lenders resulted in waiver. After a careful review of the documents, the Court finds that the participating lenders

---

[1] Order, ECF No. 81.

were within the scope of those entitled to receive the communications because of their relationship to the litigation, to Defendant's counsel, and their status as participating lenders of the subject loans.

The vast majority of the documents identified on Defendant's privilege log consist of individual emails or email "strings." An email "string" (or strand) occurs where the printed email consists of more than one message, usually formatted with the most recent message first.[2] On its privilege log, Defendant listed and described only the most recent message in the string.[3] In this District, Judge O'Hara has held that litigants generally must list each email within a string as a separate entry on the privilege log rather than listing the email string as a single entry, or risk the possibility that the privilege will be deemed waived.[4] Here, the Court was able to review each email within the string to ascertain the applicability of the attorney-client privilege and work product doctrine only because the Court had ordered an *in camera* inspection. If the Court had not done so in this case, it would not have been able to determine whether each email in the string was properly withheld. Counsel should bear these principles in mind when preparing privilege logs for future litigation in this District.

The Court, however, has found that the following documents, or portions thereof, are not protected by the attorney-client privilege or work product doctrine: QC-TST 008065; QC-TST

---

[2] *See In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 671 n.2 (D. Kan. 2005).

[3] It is possible that the underlying emails were separately described on the privilege log if earlier versions exist and were withheld. The Court, however, cannot readily ascertain this from Defendant's privilege log.

[4] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. at 672–74. Courts in other districts have followed a different approach and not required each email within a string be separately listed on the privilege log, depending on the content of the communication at issue. *See Muro v. Target Corp.*, 250 F.R.D. 350, 362–63 (N.D. Ill. 2007).

005657; QC-TST 006057; QC-TST 006058. According to the privilege log, documents labeled QC-TST 005657, QC-TST 006057, and QC-TST 006058 were withheld because they contain "unrelated third party private financial information." These documents, however, also contain information about Plaintiffs. Accordingly, Defendant shall produce the documents to Plaintiffs subject to the Protective Order in this case, which should alleviate any concern about producing information concerning unrelated third parties.

Document labeled QC-TST 008065 was withheld based upon the attorney-client privilege and work product doctrine. This document is an email string consisting of an April 19, 2010 email from John DiNardo to Kelly Drouillard and an April 20, 2010 email from Kelly Drouillard to Brian Wohler and Jeremey Southall. The April 19, 2010 email does not appear to be work product or protected by the attorney-client privilege. The Court, however, finds the April 20, 2010 email is protected as work product and by the attorney-client privilege. Accordingly, Defendant shall produce the April 19, 2010 email unless it was previously produced. Counsel may redact the April 20, 2010 email.

The Court finds that all other documents listed on the privilege log are protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (ECF No. 65) is granted in part and denied in part as described above.

**IT IS FURTHER ORDERED** that by **January 21, 2011**, Defendant shall produce to Plaintiffs copies of the documents labeled QC-TST 008065; QC-TST 005657; QC-TST 006057; QC-TST 006058 as described above.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2011, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
