IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRI-STATE TRUCK INSURANCE, LTD.,
TST, LTD., and ANDREW B. AUDET,

        Plaintiffs,

v.                                                                  No. 09-4158-SAC

FIRST NATIONAL BANK OF WAMEGO,
ET AL.,

        Defendants.

MEMORANDUM AND ORDER

This case comes before the court on defendant FNBW's motion to stay execution of the judgment in favor of the plaintiffs filed August 3, 2011, to the extent it ruled that "all security on Loan No. 5483 and Loan No. 5484 in the possession, custody or control of FNBW … shall be returned to Plaintiffs forthwith; and all UCC filings on [those loans] shall be canceled or terminated." Dk. 103. FNBW seeks to stay execution of that portion of the judgment until resolution of the following: 1) FNBW's post-judgment motions filed pursuant to Rules 60 and 59(e); 2) proceedings FNBW anticipates filing in the Pennsylvania state court that entered the underlying default judgment; and 3) FNBW's appeal to the Tenth Circuit. Plaintiffs oppose the motion.

**Stay pending Pennsylvania proceedings**

FNBW has not shown the court that it has, in fact, filed any pleadings

in the closed Pennsylvania case, thus the Court finds this stated basis for a stay to be premature and speculative. More importantly, the Court has no reason to believe that any pleadings or motions FNBW filed or to be filed in the closed state court case may be successful in reversing or vacating that court's underlying default judgment. FNBW's previous attempts to do so have been unsuccessful, and no colorable legal or factual basis for the state court to reverse itself has been shown.[1] Additionally, the delay caused by the final resolution of any such pleadings or motions could be substantial, prejudicing the plaintiffs and this Court's administration of justice. The Court thus finds no reason for staying this case pending resolution of proceedings filed or to be filed in the Pennsylvania state court, even assuming, without deciding, that it has the authority to do so.

**Stay pending appeal/disposition of post-trial motions in this case**

FNBW and Gibson Family have filed a notice of appeal. (Doc. 117). The Court next examines FNBW's motion for a stay pending appeal. Such a stay is expressly authorized by Rule 62, which provides:

> *Injunction Pending an Appeal.* While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the

---

[1] The Court is familiar with the rulings of the Pennsylvania court and the arguments of counsel included in the record of this case, and finds no inconsistency therein between plaintiffs' positions or assertions in the Pennsylvania case and those they have taken in this case. FNBW's implications to the contrary have not been shown to have any factual basis.

opposing party's rights. Fed.R.Civ.Pro. 62(c). The parties agree that the judgment appealed from does not involve a money judgment and is properly characterized as injunctive, making this subsection applicable.

The purpose of a stay is to preserve the status quo pending appellate determination. *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). See generally *Thunder Mountain Custom Cycles, Inc. v. Thiessen Products, Inc.*, 2008 WL 5412469, 4 (D.Colo. 2008). The decision to grant a stay must not be entered into lightly. *See generally*, *Nken v. Holder*, --- U.S. ----, ----, 129 S.Ct. 1749, 1757 (2009) (noting a stay is an intrusion into the ordinary processes of administration and judicial review).

An order enjoining judicial proceedings involves an exercise of judicial discretion, and the exercise of that discretion calls for a balancing of competing interests. *See, Span-Eng Associates v. Weidner*, 771 F.2d 464, 467 (10th Cir. 1985). A four-part test similar to that governing preliminary injunctions guides the Court's discretion in determining whether to issue a stay pending appeal. See *Nken*, __ U.S. __, 129 S.Ct. at 1761. The court thus considers the following factors: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481

U.S. 770, 776 (1987). *See also Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960, 968 (10th Cir. 1992). Where the moving party has established that the three "harm" factors tip decidedly in its favor, the "probability of success" requirement is somewhat relaxed, and is satisfied by showing questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation. *See F.T.C. v. Mainstream Marketing Serv., Inc.*, 345 F.3d 850, 852-53 (10th Cir. 2003); *McClendon*, 79 F.3d at 1020.[2] Thus the Court first addresses the harm factors.

**Irreparable injury**

In evaluating irreparable injury, the Court normally looks to the harm alleged by the movant, then assesses the substantiality of the claimed injury, the likelihood of its occurrence, and the sufficiency of the proof. FNBW contends that it will suffer irreparable harm if the stay is not granted because its security interest will lose its priority when its financing

---

[2]Although *FTC* discusses an appellate court's stay of a district court judgment, district courts apply that same analysis in deciding whether to stay their own judgments. *See, e.g., U.S. v. Roe*, 2010 WL 3777606, 2(D.Colo. 2010), *aff'd,* 421 Fed.Appx. 881 (10th Cir. Apr. 29, 2011); see also 11 Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2904 (2d ed. 2010).

statements are terminated or canceled, and such priority cannot be recovered. This is more than mere economic injury. Similarly, forcing FNBW to surrender its collateral for plaintiffs' loans (plaintiffs' stock certificates), will enable plaintiffs to assign, pledge, or otherwise encumber that collateral, precluding FNBW from recovering its security in the event the case is reversed on appeal.

Plaintiffs do not address this element whatsoever, so do not dispute FNBW's assertions of irreparable injury. *See* Dk. 120, p. 10. Instead, plaintiffs admit that without a stay, they "could use the unencumbered stock certificates as collateral to obtain financing for expansion, acquisitions, or whatever it chooses." *Id.*, p. 11(addressing the harm factor). This admission by plaintiffs shows that the injury anticipated by FNBW is likely to occur. Accordingly, the Court finds this element is met.

**Lack of substantial harm to other parties**

FNBW contends that a stay would not produce substantial harm to plaintiffs, or to the Gibson Family Limited Partnership, whose interest is generally aligned with FNBW's. FNBW suggests that even if a stay posed some risk of harm to plaintiffs, the Court could eliminate that risk by conditioning the stay on FNBW's agreement to refrain from enforcing its security interests in the loans by judicial process or otherwise, and from assigning, pledging, or otherwise encumbering the security for the loans in its control, until this dispute is finally resolved. Dk. 106, p. 10.

5

Plaintiffs respond that they will be harmed because their "ownership rights in their own companies will be wrongfully encumbered by false UCC liens, and FNBW, which holds no rights to [plaintiffs'] assets … will continue to hold Plaintiffs' stock certificates and any other security in FNBW's … control." Dk. 120, p. 12. This fails to show substantial harm. Plaintiffs have not persuaded the Court that any real prejudice, other than delay itself, will occur if a stay is granted. FNBW has met its burden to show that a stay imposed under the conditions proposed by FNBW would not substantially harm the other parties.

**Public Interest**

The Court initially notes that the public interest factor does not appear to be particularly significant in this case. FNBW contends that a stay would serve the public interest because it would promote due process, as FNBW would have a full, fair opportunity to litigate its claims before the Court requires it to take irreversible action. Additionally, FNBW states that a stay would conserve judicial resources by reducing the prospect of further disputes over the loan and related interests or expectations that may be formed during the pendency of post-judgment proceedings, such as may occur if FNBW surrenders its collateral/stock to plaintiffs, who convey it to third parties. Plaintiffs respond that FNBW has already had all the process it is due, and that a stay would offend plaintiffs' due process rights, as the prevailing party. The Court places no weight on the parties' due process

arguments, as these articulated interests are inherent in every case.

Plaintiffs do not respond to FNBW's argument that absent a stay, plaintiffs may convey interest in the stock to third parties, whose interests would be impaired in the event of reversal. A stay would reduce the prospect of intervening disputes over such interests during the pendency of appeal or thereafter, thus conserving judicial resources. Further, the Court notes that issuance of a stay would serve the public interest in the reliability of the public filing system for financing statements. Absent a stay and in the event of reversal, the change in status of the financing statements would tend to impair the trustworthiness of the system. The public interest is thus best served by a stay.

**Merits of the appeal**

Because the Court has found that the other three factors favor a stay, FNBW's burden to show success on the merits is satisfied by showing questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation. *See Mainstream Marketing*, 345 F.3d at 852-53; *McClendon*, 79 F.3d at 1020.

FNBW points the Court to the substance of its motion to reconsider for detailed argument regarding its likelihood of success on appeal. Plaintiffs respond that the motion and the appeal have no merit.

FNBW's motion to reconsider does not allege any factual error by the

Court, but solely legal error. Such motions are necessarily based on limited grounds, but an appeal is much broader in nature. Accordingly, even if the Court finds the motion to reconsider meritless, the merits of the appeal may warrant a stay. Such is the case here. The Court, although not persuaded of any legal error, finds that FNBW has raised questions relating to rescission and its resulting preclusion going to the merits that are so "serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *McClendon*, 79 F.3d at 1020 (quoting *Walmer v. United States Dep't of Defense*, 52 F.3d 851, 854 (10th Cir.), *cert. denied*, 516 U.S. 974 (1995).) The procedural posture of this case is unusual, its stakes are high, and the preclusion issues are so unique and important to the parties and participating lenders that the Court is convinced that the status quo should be preserved, pending appeal.

Accordingly, FNBW's motion for a stay pending appeal pursuant to Rule 62(c) shall be granted on the terms proposed by FNBW, above. The Court denies as moot the request for a stay pending disposition of FNBW's motion to reconsider (Doc. 109).

IT IS THEREFORE ORDERED that FNBW's motion to stay execution of the judgment (Doc. 105) is granted to the extent it seeks a stay pending resolution of FNBW's appeal, and is denied in all other respects.

IT IS FURTHER ORDERED that this case is stayed effective immediately and that such stay shall last until fourteen days after the United States Court

8

of Appeals for the Tenth Circuit issues a decision or otherwise disposes of FNBW's appeal; and that as a condition of the stay, FNBW shall refrain from enforcing its security interests in Loan No. 5483 and Loan No. 5484 by judicial process or otherwise, and from assigning, pledging, or otherwise encumbering the security in its control and related to either loan while the stay is in effect.

Dated this 29th day of September, 2011.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge