IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRI-STATE TRUCK INSURANCE, LTD.,
TST, LTD., and ANDREW B. AUDET,

        Plaintiffs,

    v.                      No. 09-4158-SAC

FIRST NATIONAL BANK OF WAMEGO, et al.,

        Defendants.


MEMORANDUM AND ORDER

This case comes before the Court on the postjudgment motion for leave to intervene by Equitable Bank, a non-party who participated in a loan at issue in the present case. The motion is brought pursuant to Fed.R.Civ. Pro. 24(a) (intervention of right), and 24(b) (permissive intervention). Plaintiffs oppose the motion.

The requirements for intervention as of right pursuant to Fed.R.Civ.P. 24(a)(2) are well established:

> On timely motion, the court must permit anyone to intervene who: … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> Thus, a movant may intervene as a matter of right if "(1) the [motion] is timely, (2) the [movant] claims an interest relating to the property or transaction which is the subject of the action, (3) the [movant's] interest may be impaired or impeded, and (4) the [movant's] interest is not adequately represented by existing parties."

*Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir.2005).

*Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010).

The requirements of permissive intervention are less demanding. Fed.R.Civ.P. 24(b)(1) provides that a court has discretion to permit anyone to intervene who: (1) files a timely motion, and (2) "has a claim or defense that shares with the main action a common question of law or fact." Subsection (b)(3) adds that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

**Rule 24(c)**

The Court first addresses Rule 24(c) because Equitable Bank has admittedly failed to comply with its mandate. Rule 24(c) states:

> A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Equitable Bank admits that it has not complied with this "pleading" duty, and initially offered no reason for that failure. Its reply brief contends that because its motion is postjudgment, it need not comply with this rule.[1] The

---

[1] Equitable Bank does not argue that it cannot comply with the rule's pleading requirement. Instead, it proposes that its briefs to be filed later will adequately substitute for such pleadings.

sole authority offered for that proposition is a footnote from a case in another jurisdiction, which the Court does find to be precedential or persuasive.

The definition of a "pleading" in Rule Fed.R.Civ.P. 7(a) is limited to one of seven specific documents,[2] all of which are in the nature of complaints or answers, and none of which is filed after a pretrial order is entered. The drafters of the rule apparently did not anticipate the filing of postjudgment motions to intervene, as no such motion can meet the requirement that it be accompanied by "a pleading that sets out the claim or defense for which intervention is sought." The language of the rule thus suggests the drafter's belief that motions to intervene may be filed only during the pleading stage of litigation. This Court does not take that approach since it is not consistent with Tenth Circuit law, but acknowledges that some creative interpretation is required if the rule's "pleading" requirement is to be applied to late motions to intervene, as here.

Equitable Bank states only that it seeks leave to intervene for "the purpose of seeking post-judgment relief," and that its "briefing in support of that relief, including its briefing on appeal, will constitute its pleading." (Doc. 115, p. 6). No specification is made of what briefs it seeks to file,

_____

[2]These are a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer.

which issues it seeks to raise, and what positions it intends to take on those issues.

This putting of the cart before the horse defeats the purpose of this Rule, which is, in large part, to give the Court a basis for determining what interests the potential intervenor seeks to protect, whether such interests are impeded, and whether such interests are already adequately represented by the parties.

> The purpose of the rule requiring the motion to state the reasons therefor and accompanying the motion with a pleading setting forth the claim or defense is to enable the court to determine whether the applicant has the right to intervene, and, if not, whether permissive intervention should be granted.

*Miami County Nat. Bank of Paola, Kan. v. Bancroft,* 121 F.2d 921, 926 (10th Cir. 1941) (affirming denial of intervention where no pleading was filed with the application, as required by Rule 24(c).). *See In re Potter*, 292 B.R. 711, 711, 53 Fed.Serv.3d 1387, 1387 (10th Cir. BAP 2002); *Sears Roebuck And Co. v. IPofA Salina Central Mall, LLC*, 2009 WL 1664614 (D.Kan. 2009) ("Failing to attach such a pleading complicates the court's task of evaluating the movant's legal position. Therefore, the court could properly deny the instant motion on procedural grounds.")

The rule is additionally designed to put the parties on notice of the potential claims, so that they may be heard before intervention is considered by the Court.

The purpose of the rule is not only to inform the court of the grounds

4

upon which intervention is sought, but also to inform parties against whom some right is asserted or relief sought, so they may be heard before the court passes upon the application.

*International Broth. of Teamsters, Chauffeurs, Stablemen and Helpers of America, Local Union No. 523, of Tulsa, Okl. v. Keystone Freight Lines*, 123 F.2d 326, 328 (10th Cir. 1941). Equitable Bank's flouting of this pleading requirement prejudices the parties to the case because they are left to guess at the nature of Equitable Bank's claims in their response.

Equitable Bank contends that this requirement should not apply to postjudgment motions to intervene. But the language of the rule is unambiguous and makes no such exception. Further, specificity is particularly important where, as here, a motion to intervene is filed after a final judgment is entered.

Where petitioners seek to intervene after final judgment, specificity may be particularly important. For even if petitioners have a protectable interest in certain aspects of the decision, they may not have standing to challenge the whole of it on appeal. Specificity is required so the court can determine in which parts of its decree the petitioners have such an interest.

*Hobson v. Hansen*, 44 F.R.D. 18, 25 (D.D.C. 1968). Equitable Bank's motion not only fails to state with specificity which issues it seeks to appeal, but also fails to state the nature of the motions it intends to file under Rule 59(e) or Rule 60. Its vague references to "postjudgment relief" and its assertion that its "pleading" will consist of its "briefing in support of that relief, *including* its briefing on appeal," indicate that it contemplates more

than just an appeal. Equitable Bank's memoranda on this issue do not provide the requisite specificity.

Because proper analysis of the motion to intervene is hindered by Equitable Bank's failure to attach its pleadings, the motion to intervene warrants denial. *See Miami County*, 121 F.2d 921 (affirming denial of intervention where motion was late, failed to state the grounds therefor, and was not accompanied by a pleading setting forth the claims or defense upon which intervention was sought). Equitable Banks' failure to comply with the dictates of the rule cannot be excused as a non-prejudicial technical defect in this case. In the Tenth Circuit, as in several other jurisdictions,[3] such an omission can be fatally defective. *See Miami County*, 121 F.2d at 926; *In re S.E.C.*, 253 Fed.Appx. 752, 755, 2007 WL 3253342, 3 (10th Cir. 2007) (failure to attach the 24(c) pleading may warrant denying the motion as procedurally inadequate); *Shell v. Henderson*, 2010 WL 2802651, at *1 (D.Colo. July 15, 2010); *cf, Alvarado v. J.C. Penney Co., Inc.*, 997 F.2d 803 (10th Cir. 1993) (discussing notice purpose of the requirement). This is the

---

[3]*See e.g., Public Service Co. of New Hampshire v. Patch*, 136 F.3d 197, 205, n. 6 (1st Cir. 1998) (failure to accompany motion to intervene with a pleading setting forth a claim or defense "ordinarily would warrant dismissal" of the motion); *Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759, 761 (2nd Cir. 1968) ("appellant's reference in his motion papers to the allegations of the original complaint was insufficient to comply with the requirements of Rule 24(c)"); *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987) ("Federal Rule of Civil Procedure 24(c) is unambiguous in defining the procedure for an intervenor," and requires a pleading to accompany the motion to intervene).

case here because the motion fails to adequately inform the Court of the factors necessary to justify Equitable Bank's intervention, and fails to inform the plaintiffs of the grounds on which it seeks to intervene sufficiently to enable them to respond.

**Timeliness**

Alternatively, the facts which Equitable Bank has included in its motion do not show the timeliness of intervention. Both intervention as of right and permissive intervention require that a motion to intervene be timely. *See* Fed.R.Civ.P. 24(a)(2); 24(b)(1); *Edmondson*, 619 F.3d at 1231. Equitable Bank asserts that its postjudgment motion is timely, based solely on the fact that it was filed within the time for the parties to file an appeal. Its reply brief reveals that this assertion is based on *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977). There, a post-judgment motion to intervene for the purpose of appealing the district court's denial of class action certification was found timely since it was filed within the appeal deadline and the named plaintiffs did not intend to file an appeal challenging the denial of class certification. Equitable Bank asserts that the timeliness of postjudgment motions to intervene is measured solely by the time for appeal, but the timeliness of earlier motions to intervene is measured by a different standard which considers all the circumstances of a case.

This Court disagrees, finding the totality of the circumstances controls this postjudgment motion, as well. First, *United Airlines* does not establish a

7

bright-line rule that a postjudgment motion to intervene is timely if filed within the appeal deadline. Instead, the Court considered all the circumstances, stating:

> The critical fact here is that once the entry of final judgment made the adverse class determination appealable, the respondent quickly sought to enter the litigation. In short, as soon as it became clear to the respondent that the interests of the unnamed class members would no longer be protected by the named class representatives, she promptly moved to intervene to protect those interests.

*United Airlines*, 432 U.S. at 394.

Secondly, the Tenth Circuit has distinguished *United Airlines*, finding that a "merits appeal is wholly unlike the appeal from the denial of class certification." *Southern Utah Wilderness Alliance v. Kempthorne*, 525 F.3d 966, 971 n.1, n. 5 (10th Cir. 2008) (denying intervention for purpose of a merits appeal; finding intervention for the purpose of filing postjudgment motions untimely even though motion was filed before the appeal time ran.) Equitable Bank seeks to intervene in a merits appeal, not in an appeal from the denial of class certification. Here, as in *Southern Utah Wilderness Alliance*, the proposed intervenor's "reliance on *United Airlines* to suggest their postjudgment motion to intervene was timely is misplaced." 525 F.3d at 971, n. 5.

Postjudgment motions to intervene are generally disfavored because their lateness is prejudicial to the parties and disruptive to the court.

> Post-judgment interventions are generally disfavored because of the assumption that they will (1) prejudice the rights of existing

8

parties, and (2) interfere with the orderly processes of the court. *Stallworth v. Monsanto, supra*, 558 F.2d at 266; *United States v. United States Steel*, 548 F.2d 1232, 1235 (5th Cir. 1977); *Fox Hill Surgery Clinic v. City of Overland Park, supra*. However, if neither of these factors is evident, there is no strong reason to deny the motion to intervene merely because it is made after judgment has been rendered.

*Brown v. Board of Ed. of Topeka, Shawnee County, Kansas*, 84 F.R.D. 383 (D.Kan. 1979) (noting cases in which intervention has been allowed even after judgment). Thus postjudgment motions to intervene are not per se untimely. "[D]elay in itself does not make a request for intervention untimely." *Edmondson*, 619 F.3d at 1235. "The requirement of timeliness is not a tool of retribution to punish the tardy would-be-intervenor...." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotation marks omitted). The timeliness requirement precludes a proposed intervenor from simply "wait[ing to] see if the trial's outcome leaves intervention desirable with its attendant risk of undoing what the trial court has already done." *Southern Utah Wilderness Alliance*, 525 F.3d at 971, quoting *Plain v. Murphy Family Farms*, 296 F.3d 975, 980-81 (10th Cir. 2002).

Contrary to Equitable Bank's position, the Tenth Circuit, even after *United Airlines*, has not applied any bright-line rule in determining the timeliness of postjudgment motions to intervene. Instead, it looks at all of the circumstances of the case, as it does with prejudgment motions to intervene. *See Southern Utah Wilderness Alliance*, 525 F.3d at 971 (finding

9

postjudgment motion to intervene untimely); *Elliott Industries Ltd.*

*Partnership v. BP America Production Co.*, 407 F.3d 1091, 1103 -1104 (10th

Cir. 2005) (finding postjudgment motion to intervene timely, assessing

timeliness "in light of all the circumstances."). Accordingly, this Court applies

that standard, using the *United Airlines* rule to supplement rather than to

supplant the traditional considerations of timeliness.[4]

In reviewing the totality of the circumstances, the Tenth Circuit

examines several non-exclusive factors:

> The timeliness of a motion to intervene is determined "in light of
> all of the circumstances." *Sanguine, Ltd. v. U.S. Dep't of Interior*, 736
> F.2d 1416, 1418 (10th Cir. 1984). We have recognized three factors as
> particularly important: "[ (1) ] the length of time since the [movant]
> knew of [its] interests in the case; [ (2) ] prejudice to the existing
> parties; [and (3) ] prejudice to the [movant]." *Id.* But these
> consideration are not exclusive and the trial court should also consider
> "the existence of any unusual circumstances." Id.

*Edmondson*, 619 F.3d at 1232. *See Elliott Industries Ltd. Partnership*, 407

F.3d at 1103; *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th

Cir. 2001).

The Tenth Circuit recognizes that " '[w]hen the applicant appears to

---

[4]"[U]sing the rule enunciated in *United Airlines* to supplement, rather than supplant, the four considerations of timeliness is more in keeping with the general rule, as it allows the trial court to look at the merits of the proposed intervention. A contrary interpretation would make little sense, because it would discourage a proposed intervenor from filing a motion during a pending action, when it would be scrutinized, in favor of filing promptly after judgment, when it would mechanically be found timely." *Dow Jones & Co., Inc. v. U.S. Dept. of Justice*, 161 F.R.D. 247, 251-52 (S.D.N.Y. 1995).

have been aware of the litigation but has delayed unduly seeking to intervene, courts generally have been reluctant to allow intervention.' 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1916, at 539-40 (3d ed. 2007)." *Edmondson*, 619 F.3d at 1232. While "[c]ourts are normally reluctant to grant a motion to intervene at a late stage in the proceedings or after entry of judgment[,]" the facts of a case may dictate otherwise. *Sanguine, Ltd. v. U.S. Dept. of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984). Equitable Bank was apparently aware of this litigation at least by the date that FNBW filed its answer and counterclaim on January 26, 2010, on behalf of itself "and the other Participating Lenders," if not before (Doc. 3, p. 20), yet has not presented any explanation for its delay in filing this motion.

One of the relevant circumstances in assessing timeliness of the motion is the length of time the applicant knew or should have known its interest could diverge from the parties' interests before making the motion. See *Edmondson*, 619 F.3d at 1233 ("The relevant circumstance here for determining timeliness is when the intervenor became aware that its interest would no longer be protected adequately by the parties."). *Compare Southern Utah Wilderness Alliance*, 525 F.3d at 971 (finding postjudgment intervention untimely based in part on adequate representation of interest); *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 596-97 (2d Cir. 1986) (finding post-judgment motion to intervene untimely when proposed

11

intervenor should have known court would consider issue affecting its interest three months before judgment issued).

An assessment of the parties' and proposed intervenor's interests is thus relevant to the determination of timeliness. But as noted above, Equitable Bank has failed to show the Court that its interest is not adequately represented by existing parties. FNBW has already filed a notice of appeal, indicating its intent to protect its interests and those of the other participating lenders. No conflict of interest has been alleged between FNBW and Equitable Bank, and they are represented by the same counsel. Nor is any collusion alleged between FNBW and the plaintiffs.

Equitable Bank concedes that it and FNBW both seek to enforce their interests as third-party beneficiaries, but asserts that FNBW may not pursue this theory on appeal since FNBW has additional legal theories it could raise. The Court finds the assertion that FNBW may abandon its third-party beneficiary argument on appeal to be speculative and unrealistic. There is no reason to believe that FNBW would abandon an essential, if not its primary, legal theory on appeal, particularly when FNBW's recently-filed postjudgment motions largely focus on that theory. Equitable Bank has not shown any reason to believe that FNBW's strategy on appeal will not fully protect its interests. Further, a disagreement with defendants' litigation strategy is not a genuine concern about inadequate representation. *See Bumgarner v. Ute Indian Tribe of Uintah & Ouray Res.*, 417 F.2d 1305, 1308

12

(10th Cir. 1969); *San Juan County, Utah v. United States*, 503 F.3d 1163, 1206 (10th Cir. 2007) (citing with approval First Circuit opinion denying intervention even though potential intervenors might present an argument that the current party was unlikely to make); *Public Service Co. of Colorado v. Board of County Comm'r of San Miguel County*, 2005 WL 2293650, (D. Colo, Sept. 19, 2005) ("If disagreement with an existing party over trial strategy qualified as inadequate representation, the requirement of Rule 24 would have no meaning.") (quoting *Jones v. Prince George's County, Md.*, 348 F.3d 1014, 1020 (D.C. Cir. 2003)).

Equitable Bank additionally asserts that FNBW has legal theories it could raise on appeal in addition to the third-party beneficiary claim, (*e.g.*, assignee, administrator) which Equitable Bank could not raise and which may not benefit Equitable Bank. That FNBW may raise legal arguments in addition to those which would protect Equitable Bank is insufficient to show that FNBW will not adequately represent Equitable Bank's interests on appeal. FNBW's position on the third-party beneficiary claim is not diluted by its potential raising of other claims that seek to achieve the same objective it shares with Equitable Bank - to enforce the loan(s).

Equitable Bank additionally contends that FNBW, in its capacity as servicer of the loans, cannot protect Equitable Bank's interests generally, as a participant. But to the extent this may be true, this fact has existed throughout the life of this litigation, and is unaltered by the entry of

13

judgment. If Equitable Bank were truly concerned that FNBW would not protect its interests as a mere participant, its motion to intervene should have been filed long ago, not after judgment has been entered. Equitable Bank asserts in its reply brief that it did not know until it saw the exact language in the entry of judgment that its security interest in collateral securing the loan could be impaired by this action. But Equitable Bank knew or should have known of that very language and of all other specific ramifications of the potential judgment in this case no later than  November 3, 2010, when plaintiffs filed their motion for summary judgment which expressly sought the judgment which the Court later granted, verbatim. *See* Doc. 74, p. 27-28.

Additionally, Equitable Bank ignores the fact that Gibson Family Limited Partnership has also filed a notice of appeal. (Doc. 117). Gibson Family Limited Partnership is in the same position as Equitable Bank in that both are mere participants to the loan(s) - neither claims to be a servicer or an administrator of the loan(s) or an assignee of any interest of Aleritas. Both have the same litigation objective - to enforce the loan agreement(s) as to mere participating lenders. The Tenth Circuit applies a general presumption that "representation is adequate 'when the objective of the applicant for intervention is identical to that of one of the parties.' " *City of Stilwell, Okl. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (quoting *Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872

14

(10th Cir.1986)). *See San Juan County*, 503 F.3d at 1204. This presumption applies here and has not been rebutted.

In sum, Equitable Bank has failed to show that its interests, although protected by existing parties before the judgment was entered, will not be adequately protected by those same parties who have appealed. Equitable Bank has not shown that it will be prejudiced in the event its motion to intervene is denied.

The Court additionally finds that granting Equitable Bank's motion would interfere with the orderly processes of the court and prejudice the existing parties. Although Equitable Bank has failed in its duty to specify each of the issues it seeks to raise "post-judgment," or on appeal, it notes that one may be "whether Plaintiffs should be estopped from challenging the validity of the agreements governing their loan, given that they knew it had been sold to participating lenders in January, 2009." Doc. 115, p. 5. This issue is one which could have been raised, but was not raised, by the parties on summary judgment.[5] Accordingly, Equitable Bank intends to add to the factual record already before the Court,[6] requiring the Court and the parties to re-try the case, prejudicing the existing parties by the requisite delay and

---

[5]The sole estoppel argument made by any party related to another issue.

[6]Plaintiffs respond that they intend to conduct "full discovery" if the motion to intervene is granted on certain grounds. *See* Doc. 123, p. 6.

15

interfering with the Court's interest in the administration of justice. *See Minnesota Milk Producers Ass'n v. Glickman*, 153 F.3d 632, 646 (8th Cir. 1998) (finding postjudgment motion to intervene untimely because it was filed at last opportunity and would cause existing party to respond to arguments), *cert. denied*, 526 U.S. 1130 (1999). Had Equitable Bank wished to raise this or other issues not raised on summary judgment by the parties, it should have moved to do so soon after the summary judgment briefs were filed, long before the Court's entry of judgment. Doing so now is untimely. *See Flying J, Inc. v. Van Hollen,* 578 F.3d 569, 572 (7th Cir. 2009) (stating postjudgment motion to intervene would be "indeed untimely" if it sought to present evidence).

Gibson Family Limited Partnership's intervention illustrates the contrast. It was permitted to intervene late in the day - after summary judgment motions had been briefed - but its intervention caused no disruption of the proceedings because it agreed to adopt and incorporate FNBW's answer and summary judgment briefs. No additional briefing or revisiting of facts by the parties or the Court was required.

Permitting Equitable Bank to intervene now could cause substantial delay of another sort, for there would be no reason for the Court not to permit all of the other 17 or so participating lenders to sequentially intervene, raising whatever other new "postjudgment" issues they desire. This would permit the parties to supplement the record and brief all the new issues, and

16

perhaps the old issues as well, unreasonably delaying the finality of judgment. The Court thus finds the motion to intervene untimely because it will prejudice the rights of existing parties and interfere with the orderly processes of the court.

For the reasons stated above, the Court denies the motion to intervene for its non-compliance with Rule 24(c) and, independently, for its untimeliness. Alternatively, even if the Court excused Equitable Bank's non-compliance with Rule 24(c) and assumed the timeliness of its motion, the Court finds, for the reasons set forth above, that Equitable Bank has failed to show that its interest is not adequately represented by existing parties, and also finds that the intervention will unduly delay or prejudice the original parties' rights and interfere with the orderly processes of the court.

IT IS THEREFORE ORDERED that Equitable Bank's motion for leave to intervene (Doc. 114) is denied.

Dated this 5th day of October, 2011.


s/ Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge