IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRI-STATE TRUCK INSURANCE, LTD.,
TST, LTD., and ANDREW B. AUDET,

        Plaintiffs,

    v.                            No. 09-4158-SAC

FIRST NATIONAL BANK OF WAMEGO, *et al.*,

        Defendants.


MEMORANDUM AND ORDER

This case comes before the court on defendants First National Bank of Wamego (FNBW) and Gibson Family Limited Partnership's motion for reconsideration of the court's order and judgment filed August 3, 2011, which resolved the parties' summary judgment motions. This motion, brought pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1), is timely.

## Rule 60(b)(1)

Rule 60(b)(1) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under this rule, the movant has the burden of pleading and proving the grounds for relief. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Whether to grant a Rule 60(b) motion rests within the trial court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

Defendants' memorandum does not allege inadvertence, surprise, excusable neglect, or mistake of fact, but solely mistakes of law. The Tenth Circuit "has recognized that in some instances relief may be granted under Rule 60(b)(1) on a theory of mistake of law, when, as here, the Rule 60(b) motion is filed before the time to file a notice of appeal has expired." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991), citing *Morris v. Adams-Millis Corp.*, 758 F.2d 1352, 1358 (10th Cir. 1985), *cert. denied*, 506 U.S. 828 (1992). "However, such relief is available only for obvious errors of law, apparent on the record." *Van Skiver*, 952 F.2d at 1244, citing *Alvestad v. Monsanto Co.*, 671 F.2d 908, 912-13 (5th Cir.) (relief under Rule 60(b)(1) limited to "perfunctory correction" of obvious errors of law), *cert. denied*, 459 U.S. 1070 (1982). If a motion presents issues that are "arguable" but do not rise to the level of facially obvious errors of law, there is no basis for relief under Rule 60(b)(1). *Van Skiver*, 952 F.2d at 1244; *Seyler v. Burlington N. Santa Fe Corp.*, 121 F.Supp.2d 1352, 1357 (D.Kan. 2000).

"Rule 60(b) is not intended to be a substitute for a direct appeal." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996). A Rule 60(b) motion properly "concerns matters outside the issues raised and considered by the court in reaching its judgment." *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir. 1979). It is "an extraordinary procedure that permits the court which rendered judgment to grant relief from the

judgment upon a showing of good cause within the rule." *Id.*

Defendants' motion is premised solely on its disagreement with the court's interpretation, application, and conclusions of law. A contention that the Court misapplied the law is not a recognizable ground of relief under Rule 60(b). *See Van Skiver*, 952 F.2d at 1244. Additionally, a Rule 60 motion is not a tool to rehash arguments that the court has already considered and rejected, or to present new arguments based upon law or facts that existed at the time of the original briefing. *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998); *Van Skiver,* 952 F.2d at 1243-44; *Cashner*, 98 F.3d at 577. However, this is precisely what defendants' motion for reconsideration does. Defendants' memorandum rehashes old arguments, adds different case citations, mischaracterizes the rulings of this court and the Pennsylvania court, and makes new arguments that could have been made, but were not made, before.

For example, defendants assert that if the Pennsylvania action impacted defendants' interests, that default judgment is void because: 1) defendants were necessary parties to the Pennsylvania action; and 2) the judgment violated defendants' rights to due process. That defendants were necessary parties to the Pennsylvania case is a new argument, not raised in the summary judgment motions, and not properly raised now. *See* Dk. 201, p.15 n.10 ("FNBW does not contend that it was an indispensable party to the Pennsylvania action to rescind the Loan agreements.") Conversely, the due

3

process argument was raised by defendants and was fully addressed by the Court. The current briefs add nothing new.

Similarly, defendants dress up their previous argument regarding their status as third-party beneficiaries[1] by a new reference to a state case which held that a "substantively identical loan agreement was intended to benefit lenders who participated in the loan governed by the agreement." *See* Dk. 110, Exh. A. This is a new argument based upon law that existed at the time of the original briefing, *see id.*, (order on jury trial waiver, dated October 21, 2009), and is thus inappropriate. Further, since the referenced decision is merely an interlocutory ruling from a trial court in Kansas which is not binding on this court, it has no precedential value nor any tendency to render this Court's conclusion of law erroneous.

Other contentions are raised, but they provide no basis for relief. In sum, no errors of fact have been alleged, and no obvious errors of law have been shown. For all the reasons set forth above, as well as those included in plaintiffs' response to defendants' motion for reconsideration (Doc. 122), the Court finds that defendants' motion pursuant to Rule 60(b)(1) shall be denied.

---

[1]FNBW's brief in support of its motion for summary judgment (Dk. 76) asserted that it had standing as an intended beneficiary based on only one paragraph of the CLA Addendum. FNBW did not examine the agreements as a whole, or analyze the law relating to intended beneficiaries, or show the Court how an intended beneficiary could enforce a rescinded agreement.

**Rule 59(e)**

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). For a Rule 59(e) motion to prevail, it must seek either to correct a manifest error of law or to present other evidence that has been newly discovered. *Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1274 -1275 (10th Cir. 2005).

The Court has broad discretion whether to grant or deny a Rule 59(e) motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992). A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). A 59(e) motion does not permit a

losing party to present new legal theories or facts that could have been raised earlier. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997). In short, the court should only grant a Rule 59(e) motion to correct manifest errors of law, or to present newly discovered evidence. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000).

Defendants do not allege any intervening change in the controlling law. Defendants' memorandum presents new material, *see* Dk.110, Exh. 1, new cases, and new arguments, but does not show the availability of new evidence that could not have been obtained previously through the exercise of due diligence. Accordingly, defendants presumably believe there exists a need to correct clear error or prevent manifest injustice. But, as noted above, no errors of fact have been alleged and no obvious errors of law have been shown.

The only possible remaining ground warranting reconsideration under Rule 59(e) is to prevent manifest injustice. Although the Tenth Circuit has not precisely defined "manifest injustice" within the meaning of Rule 59(e), that term is commonly defined as "[a] direct, obvious, and observable error in a trial court…" BLACK'S LAW DICTIONARY 1048 (9th ed. 2009). *See Grynberg v. Ivanhoe Energy, Inc*. 2010 WL 2802649 (D.Colo. 2010). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to

the point of being indisputable.' " *Shirlington Limousine & Transp., Inc. v.*
*United States*, 78 Fed.Cl. 27, 31 (2007) (quoting *Pacific Gas & Electric Co. v.*
*United States*, 74 Fed.Cl. 779, 785 (2006), *aff'd in part, rev'd in part on*
*other grounds*, 536 F.3d 1282 (Fed.Cir. 2008)). Examples of manifest
injustice under this rule include accepting "a defendant's guilty plea that is
involuntary or is based on a plea agreement that the prosecution has
rescinded," BLACK'S LAW DICTIONARY 1048 (9th ed. 2009), and dismissing
a *pro se* prisoner's civil rights case based upon procedural errors outside of
his control, *see e.g., Ford v. Lovinger*, 2010 WL 1564845 (D.Colo. April 19,
2010); *Lewis v. Suthers*, 2010 WL 537822 (D.Colo. Feb. 12, 2010).
Defendants have failed to show any manifest injustice by virtue of the
court's order on the summary judgment motions.

 For all the reasons set forth above, as well as those included in
plaintiffs' response to defendants' motion for reconsideration (Doc. 122), the
Court finds that defendants' motion pursuant to Rule 59(e) shall be denied.

 IT IS THEREFORE ORDERED that defendant's motion for
reconsideration (Doc. 109) is denied.

 Dated this 6th day of October, 2011.

 s/ Sam A. Crow
 Sam A. Crow, U.S. District Senior Judge